IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHRISTOPHER MAYO, : <br> : <br> Petitioner, : <br> : NO. 7:21-CV-00126-WLS-TQL <br> VS. : <br> : <br> GEORGIA DEPARTMENT OF : <br> CORRECTIONS, : <br> : <br> Respondent. : <br> : | |

## DISMISSAL ORDER

*Pro se* Petitioner Christopher Mayo filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He did not pay the filing fee or file a motion to proceed *in forma pauperis*. On October 4, 2021, Petitioner was ordered to pay the filing fee or file a motion to proceed *in forma pauperis*. (Doc. 3.) He was also ordered to amend his petition and provided instructions how to do so. *Id.* Petitioner was given fourteen (14) days to respond. *Id.* Petitioner did not respond. Therefore, on October 25, 2021, the Court notified Petitioner that it had not received a response and ordered him to show cause why his action should not be dismissed for failure to comply and diligently prosecute his claims. (Doc. 4.) Petitioner was given fourteen (14) days to respond. *Id.*

On November 12, 2021, the Court received an unsigned letter that contained no civil action number that was in an envelope with Petitioner's return address. (Doc. 5.) The Court immediately notified the Petitioner that it had received a letter and provided him with a notice of deficiency. More specifically, the Petitioner was advised that every

pleading, written motion, and other papers must be signed by a party personally if the party is unrepresented. *See* Fed. R. Civ. P. 11. Petitioner was ordered to re-file the document being sure to include his signature within twenty-one days.[1] Petitioner was unambiguously informed that failure to comply with the deficiency notice may result in dismissal of this action by the Court.

Petitioner has not responded and the filing fee has not been paid. Because Petitioner has failed to comply with the Court's orders or otherwise prosecute his case, his complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 14th day of December 2021.

/s/ W. Louis Sands
W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Even if the document (Doc. 5) was from this Petitioner and was re-filed properly, Petitioner's action would still be dismissed without prejudice. The letter acknowledges that state remedies have not been exhausted at the time of filing for federal habeas relief. *See id.* "Before bringing a habeas action in federal court, … the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 2254(b)(1)(A). If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *Isaac*, 470 F. App'x at 818 (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)). Thus, if the letter (Doc. 5) was indeed written by this Petitioner, then the action is additionally due to be dismissed without prejudice for failure to exhaust state remedies.